**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jesus Alberto HERNANDEZ–**
**GONZALEZ, Defendant–**
**Appellant.**

No. 04–40923.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 12, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Hector Anthony Casas, Timothy William Crooks, Assistant Federal Public Defend-

er, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit Judges.

PER CURIAM: *

Jesus Alberto Hernandez–Gonzalez appeals from the sentence imposed following his guilty-plea conviction for illegal reentry into the United States following deportation pursuant to an aggravated-felony conviction. He first argues that the district court erred in calculating his criminal history score, which affected his criminal history category. Hernandez admits that this error is reviewed only for plain error because he failed to challenge that calculation in district court. When reviewing for plain error in the sentencing context, "this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error." *United States v. Leonard,* 157 F.3d 343, 346 (5th Cir.1998). Despite Hernandez' arguments to the contrary, *Leonard* is controlling precedent and may not be overruled by this panel without en banc consideration or an intervening Supreme Court opinion. *See Hogue v. Johnson,* 131 F.3d 466, 491 (5th Cir.1997). Hernandez admits that, even if his criminal history score were corrected, the district court could impose the same 70–month sentence on remand.

Accordingly, Hernandez has not shown plain error. *See id.*

Also for the first time on appeal, Herandez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. He thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Hernandez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.